### ABEL v. PHŒNIX INS. CO.

(Supreme Court, Appellate Division, Third Department. January 9, 1901.)

1. INSURANCE—ORAL CONTRACT—EVIDENCE.

Plaintiff testified that he had made an oral contract of insurance with defendant. Plaintiff's son-in-law testified that after the fire defendant's agent said that he had notified his company of the fire, and that, in his opinion, it would pay the loss. Defendant's agent denied the making of the contract. Defendant showed that no report of such contract had been made to it by its agent, but it was also shown that there had been other failures of this agent to issue policies and report to the company until long after the agreements. *Held*, that such evidence was sufficient to support a verdict for plaintiff on an oral contract to insure.

2. SAME—CREDIBILITY OF WITNESSES.

In an action to recover on an oral contract of insurance, which was denied by defendant, defendant's agent was properly asked on cross-examination as to his neglect to issue policies in other cases where he had agreed to do so to affect his credibility.

Appeal from trial term, Tompkins county.

Action by Andrew J. Abel against the Phœnix Insurance Company. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before PARKER, P. J., and KELLOGG, EDWARDS, MERWIN, and SMITH, JJ.

De Forest Van Vleet, for appellant.

Newman, Blood & Banks, for respondent.

EDWARDS, J. This action was brought to recover for a loss by fire under a parol contract of insurance alleged to have been made with the defendant. The cause has been twice tried, and each time has resulted in a judgment for the plaintiff. The former trial was before a referee, and the judgment entered on his report in favor of the plaintiff was reversed, on the ground that it was against the weight of evidence. 62 N. Y. Supp. 218. In reviewing that judgment the court said:

"If the statement which the plaintiff gives of the transaction between himself and the agent, Smith, on March 6, 1897, is to be credited, it must be conceded that a contract for insurance was then and there made with the defendant, which was obligatory upon it, although no policy was ever issued."

The question, therefore, which is here presented is whether the alleged agreement to insure has been established by a preponderance of evidence. There was on this trial, as on the one before the referee, a conflict in the testimony of the plaintiff and of the defendant's agent, Smith, as to what was said between them on March 6, 1897, at the time when the insurance is claimed by the plaintiff to have been effected; and the court, in a fair charge, left it to the jury to determine which version was correct. While the evidence is not very substantially different from what it was on the former trial, there is some further evidence confirmatory of the statement of the plaintiff, and tending to discredit the agent, Smith. On this trial the witness Osborne, a son-in-law of the plaintiff, swears that two or three days after the fire he called upon the agent, Smith, and "he [Smith] said he had notified the company of the fire, and he thought that they would pay the loss without any struggle." "He [Smith] remarked that, if there hadn't been any fire, it would have been all right, or there wouldn't have been any trouble." This testimony is denied by Smith, but I think it has some importance, if true, on the question of the testimony of Smith, in effect that there was no agreement or understanding for insurance. Again, in the opinion of the court on the appeal from the former judgment the fact was referred to as having some bearing on the accuracy of the agent's version of what occurred on March 6, 1897, that no entry whatever was made by the agent of the transaction, and that he never reported it to the company. On the last trial it was shown, upon the cross-examination of Smith, that there had been other failures upon his part to issue policies and report to the company for quite a period of time after agreements for the same had been made with the insured. The court fairly submitted the questions of fact and the credibility of the witnesses to the jury, and I do not think we can say that their verdict is against the clear weight of the evidence. The jury had some valuable evidence which is not contained in the record, the appearance of the witnesses who gave conflicting testimony, and this also was before the trial court, who, after deliberately hearing the parties on a case and exceptions settled, refused to set aside the verdict. I think, especially in view of the fact that the case has twice been tried with the same result, the verdict should not be disturbed. The questions asked by the plaintiff's counsel under the objection of the defendant on the cross-examination of the agent, Smith, in regard to

his neglect to issue policies in other cases where he had agreed so to do, tended to affect his credibility, and were within the proper scope of a cross-examination.

The judgment and order appealed from should be affirmed, with costs. All concur.